UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEISHLA RODRIGUEZ,<br><br>    *Plaintiff*,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>    *Defendant*. | No. 3:24cv86(MPS) |

**RULING ON MOTION TO DISMISS**

Keishla Rodriguez filed this action against the United States Postal Service ("USPS") alleging claims under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, arising from a motor vehicle accident involving a postal vehicle. ECF No. 1. The defendant has filed a motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 12.[1] For the reasons that follow, I grant the motion to dismiss the complaint for lack of subject matter jurisdiction.

**I.    Background**[2]

---

[1] The defendant's motion was filed on March 26, 2024. On March 28, 2024, the Court instructed the plaintiff that her response - either an opposition to the motion or an amended complaint in which she pled as many facts as possible, consistent with Rule 11, to address the alleged defects discussed in the defendant's memorandum - was due April 16, 2024. ECF No. 13. When the plaintiff did not file anything in response to the motion to dismiss by that deadline, the Court issued an order stating that the deadline had passed and that if the plaintiff failed to file a response to the motion by April 30, 2024, the Court would decide the motion without the benefit of the plaintiff's response. ECF No. 14. That deadline also passed without the plaintiff filing any response to the motion. See D. Conn. L. Civ. R. 7(a)(2) ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion.")

[2] Because the defendant has moved to dismiss the complaint under Rule 12(b)(1), I am allowed to consider evidence outside the pleadings, including affidavits. *See State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007). The defendant has submitted the declaration of Kimberly Herbst, Manager, Tort Program and Adjudication, with the United States Postal Service and underlying exhibits. ECF No. 12-2, Herbst Decl.

On March 10, 2022, plaintiff's counsel submitted two letters to USPS, one addressed to "Jac[q]ueline Slay, Tort Claims Coordinator," and another addressed to "Tort Claim Coordinator." ECF No 12-2 at 2, Herbst Decl. ¶ 4; ECF No. 12-2 at 4-5. In these, counsel stated that Rodriguez had been injured as a result of an automobile accident on February 18, 2022, provided the name of "your insured," and indicated that she would be making a claim. ECF No. 12-2 at 4-5. Counsel requested that all evidence be preserved and that he be provided with "your [insurance] policy limits." *Id.*

On March 16, 2022, Slay responded to plaintiff's counsel with a two page letter in which she provided instructions on how to file a claim with USPS and a copy of a SF95 claim form. ECF No. 12-2 at 6-7. The March 16th letter was sent to plaintiff's counsel via certified mail. *Id.* at 8. It was signed for on March 21, 2022. *Id.*

The USPS did not receive any further correspondence with respect to Rodriguez. ECF No 12-2 at 2, Herbst Decl. ¶ 7. No administrative claim was ever received by the USPS. *Id.*

On January 24, 2024, Rodriguez filed this complaint against USPS. ECF No. 1. She alleges that on February 18, 2022 her vehicle was struck by a vehicle owned by the defendant and negligently operated by an individual named Kirshon Augmon. *Id.* ¶ 8. She alleges that she "has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act" and "timely served notice of her claim" on the defendant. *Id.* ¶¶ 4-5.

II. **Legal Standard**

"A Rule 12(b)(1) motion challenges the Court's subject matter jurisdiction." *Parmlee v. Officer of Att'y Gen.*, No. 3:21CV1292(MPS), 2022 WL 1462247, at *2 (D. Conn. May 9, 2022). The Court must dismiss an action for lack of subject matter jurisdiction when it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113

(2d Cir. 2000). In adjudicating a motion to dismiss under Rule 12(b)(1), the court "accept[s] all of plaintiff's factual allegations in the complaint as true and draw[s] inferences from those allegations in the light most favorable to the plaintiff." *Courtenay Communications Corp. v. Hall*, 334 F.3d 210, 213 (2d Cir. 2003).

Under Rule 12(b)(6), the Court likewise takes the plaintiff's factual allegations in the complaint "to be true and [draws] all reasonable inferences in" its favor. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court need not accept legal conclusions as true and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**III.   Discussion**

I consider the defendant's jurisdictional challenge first. *See Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)("Where, as here, the defendant moves for dismissal under Rule 12(b)(1), Fed.R.Civ.P., as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.")(internal quotation marks omitted).

The defendant argues that the Court lacks subject matter jurisdiction because the USPS is not a proper party. Rather, under the FTCA, only the United States may be held liable for torts committed by a federal agency, not the agency itself. *See Rivera v. United States*, 928 F.2d 592,

609 (2d Cir. 1991) ("The FTCA ... precludes tort suits against federal agencies. See 28 U.S.C. § 2679(a). The only proper federal institutional defendant in such an action is the United States."). Accordingly, the Court lacks subject matter jurisdiction because the USPS is an improper party. *See Rivera*, 928 F.2d at 609 (stating that FTCA claims pled against a federal agency "are properly dismissed for lack of federal jurisdiction" and dismissing claims against the DEA for lack of federal jurisdiction).

Even if the Court were to substitute United States of America for the USPS, the Court would still lack subject matter jurisdiction because Rodriguez failed to exhaust her administrative remedies as required by the FTCA.

The FTCA provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

26 U.S.C. § 2675(a). "The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). This requirement is "jurisdictional and cannot be waived," *id.*, and "[t]he burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements, including exhaustion." *Manchanda v. Lewis*, No. 21-1088-CV, 2021 WL 5986877, at *2 (2d Cir. Dec. 17, 2021). "In the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." *Id.*

"[T]he presentment requirement," so denominated because of the statute's requirement that "the claimant … present[] the claim to the appropriate Federal agency," 28 U.S.C. § 2675(a),

mandates that the claimant present the agency with sufficient information - whether through narrative, evidence, or other means - to alert the agency to the basis for his claim, the nature of his injuries, and the amount of damages sought so that the agency can proceed to investigate its liability and value the claim in order to assess the advisability of settlement." *Collins v. United States*, 996 F.3d 102, 105 (2d Cir. 2021).  "[A] properly presented claim must include a sum certain damages claim." *Manchanda*, 2021 WL 5986877, at *3 (holding that the "sum certain" requirement is rooted in the statutory text of the FTCA).  Here, although plaintiff's counsel sent letters to the USPS, see ECF No. 12-2 at 4-5, the letters do not provide any information about the plaintiff's alleged injury nor do they provide a sum certain damages claim and so fail to provide the required information necessary to satisfy the presentment requirement.  *See Harrison v. United States*, No. 17-CV-5049, 2023 WL 8860409, at *3 (E.D.N.Y. Dec. 19, 2023) (plaintiff's submission failed constitute adequate presentment where it said "virtually nothing about the severity of her injuries"); *Guzman v. United States Postal Serv.*, No. 21CV4415, 2022 WL 17169529, at *4 (S.D.N.Y. Nov. 17, 2022) (presentment "requires claimants to provide sufficiently detailed information about the relevant incident and any injuries suffered" and concluding that plaintiff failed to do so where he "included only a vague account of the incident and an overly general description of his injuries."); *Ruffin v. United States*, No. 20-CV-04128, 2021 WL 4408039, at *4 (E.D.N.Y. Sept. 27, 2021) (concluding that Plaintiff did not satisfy FTCA's presentment requirement where although he identified the driver of the USPS vehicle, he provided only vague, conclusory statements concerning his alleged injuries); *Pinchasow v. United States*, 408 F. Supp. 2d 138, 142 (E.D.N.Y.), *aff'd*, No. 06-1139-CV, 2006 WL 3370714 (2d Cir. Nov. 20, 2006) (Counsel's letter, indicating that motorist intended to institute an action against USPS for injuries he sustained in an automobile accident with a Postal Service vehicle,

did not satisfy requirements for presenting a claim to the United States under the FTCA where it did not specify a claim for money damages in a sum certain); *Herbst v. U.S. Postal Serv.*, 953 F. Supp. 2d 463, 470 (E.D.N.Y. 2013)(plaintiff's letters failed to include a sum certain and "failure to include a sum certain precludes a finding of administrative exhaustion"). Because Plaintiff has not shown that she properly exhausted her administrative remedies, her FTCA claim must be dismissed for lack of subject matter jurisdiction.

**IV.     Conclusion**

The defendant's motion to dismiss under Rule 12(b)(1) (ECF No. 12) is granted. The case is dismissed without prejudice. The Clerk is instructed to close this case.

IT IS SO ORDERED.


_____/s/_____
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
       May 20, 2024